**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | Case No. 2:25-cv-00156 |
| v. | JURY TRIAL DEMANDED |
| VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, and VERIZON CORPORATE SERVICES GROUP INC., | |
| *Defendants*. | |

**VERIZON'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Corporate Services Group Inc. (collectively, "Verizon" or "Verizon Defendants"), by and through the undersigned counsel, hereby submit the following Answer in response to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Headwater Research LLC ("Headwater" or "Plaintiff").

**GENERAL DENIAL**

Unless specifically admitted below, Verizon denies each and every allegation in the Complaint. To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. No admission below should be construed as an admission or concession regarding the relevance of any allegation of the Complaint. Nor should any admission below be construed as an admission or concession regarding the accuracy, authenticity, admissibility, or relevance of any documents cited or referenced in the Complaint. Verizon further denies that Plaintiff is entitled to the relief requested

or to any other relief. The headings below track those used in the Complaint and are for convenience only. They do not constitute any part of Verizon's Answer or any admission by Verizon as to the truth of the matters asserted. To the extent the headings of the Complaint are construed as allegations, they are each denied.

## RESPONSE TO NUMBERED PARAGRAPHS IN THE COMPLAINT

### BACKGROUND

1.      Verizon denies the allegations of Paragraph 1 of the Complaint. Verizon specifically denies any allegations of infringement with respect to U.S. Patent Nos. 8,639,935 ("'935 Patent"), 8,832,777 ("'777 Patent"), 9,973,930 ("'930 Patent"), 11,966,464 ("'464 Patent"), and 11,985,155 ("'155 Patent") (collectively, the "Asserted Patents").

2.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis denies each and every allegation.

3.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies each and every allegation.

4.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies each and every allegation.

5.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies each and every allegation.

6.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies each and every allegation.

7.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies each and every allegation.

8.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies each and every allegation.

9.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies each and every allegation.

10.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies each and every allegation.

11.     Verizon admits that smartphones and other mobile devices have become widely used in the past few decades and that they may include features which allow subscribers to make and receive phone calls, get notifications, download music, upload photos, stream entertainment, transact business, exchange ideas, and connect to family and friends.  Verizon also admits that it is possible to exchange large amounts of data over the internet using certain wireless and cellular networks.  Except as expressly admitted, Verizon does not have knowledge or information sufficient to form a belief as to the truth of the remaining characterizations contained in Paragraph 11 and on that basis denies them.

12.     Verizon admits that overall data consumption by mobile devices has generally increased since 2011. Plaintiff purports to quote from multiple websites, which websites speak for themselves.  To the extent that Plaintiff has mischaracterized such content, Verizon denies the allegations in Paragraph 12. Except as expressly admitted, Verizon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and on that basis denies each and every allegation.

13.     Verizon admits that Plaintiff purports to quote from a website, which website speaks for itself.  To the extent that Plaintiff has mischaracterized such content, Verizon denies the allegations in Paragraph 13. Except as expressly admitted, Verizon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and on that basis denies each and every allegation.

14.     Verizon lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 14, and on that basis denies each and every allegation.

## NOTICE OF THE ASSERTED PATENTS

15. Verizon denies the allegations of Paragraph 15 of the Complaint.

16. Verizon admits that, on or about June 30, 2009, Defendant Verizon Corporate Services Group, Inc. entered into a non-disclosure agreement with Headwater Partners, LLC. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 16 of the Complaint.

17. Verizon admits that in July 2009, Headwater provided presentations to Verizon. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 17 of the Complaint.

18. Verizon admits that in August 2009, Headwater provided presentations about the ItsOn platform to Verizon. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 18 of the Complaint.

19. Verizon denies the allegations of Paragraph 19 of the Complaint.

20. Verizon admits that a Verizon employee received a document bearing the title "Detailed Patent Brief" and dated October 2009. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 20 of the Complaint.

21. Verizon denies the allegations of Paragraph 21 of the Complaint.

22. Verizon admits that Thomas Russell is a former Director of Marketing at Verizon who was involved in conversations with ItsOn and other Verizon employees about ItsOn's technology. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 22 of the Complaint.

23. Verizon admits that a document entitled "Opportunity for Partnership" discusses the possibility of a partnership with ItsOn, and the supposed "need" for and purported potential

benefits of piloting ItsOn technology if it were pursued and successful.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 23 of the Complaint.

24.     Verizon denies the allegations of Paragraph 24 of the Complaint.

25.     Verizon admits that, in 2010, Verizon and ItsOn entered into a Software License, Evaluation Trial, and Application Programming Interfaces Development Agreement, under which Verizon had to pay for a license to certain software for evaluation and for the purchase of certain accompanying software and applications.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 25 of the Complaint.

26.     Verizon denies the allegations of Paragraph 26 of the Complaint.

27.     Verizon denies the allegations of Paragraph 27 of the Complaint.

28.     Verizon denies the allegations of Paragraph 28 of the Complaint.

29.     Verizon denies the allegations of Paragraph 29 of the Complaint.

30.     Verizon denies the allegations of Paragraph 30 of the Complaint.

31.     Verizon admits that Paragraph 31 of the Complaint purports to reference a complaint filed in connection with a case captioned *Thomas Russell v. Cellco Partnership d/b/a Verizon Wireless,* Dkt. No. L-1331-13 in the Superior Court of New Jersey, Somerset County Division, September 30, 2013, which complaint speaks for itself.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 31 of the Complaint.

32.     Verizon admits that Paragraph 32 of the Complaint purports to reference a complaint filed in connection with a case captioned *Thomas Russell v. Cellco Partnership d/b/a Verizon Wireless,* Dkt. No. L-1331-13 in the Superior Court of New Jersey, Somerset County Division, September 30, 2013, which complaint speaks for itself.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Verizon admits that Paragraph 33 of the Complaint purports to reference a

complaint filed in connection with a case captioned *Thomas Russell v. Cellco Partnership d/b/a Verizon Wireless,* Dkt. No. L-1331-13 in the Superior Court of New Jersey, Somerset County Division, September 30, 2013, which complaint speaks for itself.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 33 of the Complaint.

34.    Verizon admits that Paragraph 34 of the Complaint purports to reference a complaint filed in connection with a case captioned *Thomas Russell v. Cellco Partnership d/b/a Verizon Wireless,* Dkt. No. L-1331-13 in the Superior Court of New Jersey, Somerset County Division, September 30, 2013, which complaint speaks for itself.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 34 of the Complaint.

35.    Verizon denies the allegations of Paragraph 35 of the Complaint.

## PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT

36.    Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis denies each and every allegation.

37.    Verizon admits that Exhibit 1 purports to be a copy of the '935 Patent.  Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37, and on that basis denies each and every allegation.

38.    Verizon admits that Exhibit 2 purports to be a copy of the '777 Patent.  Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38, and on that basis denies each and every allegation.

39.    Verizon admits that Exhibit 3 purports to be a copy of the '930 Patent.  Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39, and on that basis denies each and every

allegation.

40.      Verizon admits that Exhibit 4 purports to be a copy of the '464 Patent.  Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40, and on that basis denies each and every allegation.

41.      Verizon admits that Exhibit 5 purports to be a copy of the '155 Patent.[1] Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and on that basis denies each and every allegation.

**DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES**

42.      Verizon admits that Verizon Communications Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 1095 Avenue of the Americas, New York, New York 10036 and that it may be served with process through its registered agent at The Corporation Trust Company, 1209 Orange St, Wilmington, Delaware 19801.  Verizon specifically denies that personal jurisdiction exists over Verizon Communications Inc. for purposes of this matter.  Verizon further specifically denies that subject matter jurisdiction exists over Verizon Communications Inc. for purposes of this matter. Verizon denies the remaining allegations of Paragraph 42 of the Complaint.

43.      Verizon admits the allegations of Paragraph 43 of the Complaint.

44.      Verizon admits the allegations of Paragraph 44 of the Complaint.

45.       Verizon admits that the Complaint purports to accused mobile devices, cellular networks, servers, and services of patent infringement. Except as expressly admitted, Verizon

---

[1] Paragraph 41 of the Complaint states that the '155 Patent is titled "Automated device provisioning and activation." However, "Automated device provisioning and activation" appears to be the title of the '935 Patent, not the '155 Patent.

denies the remaining allegations of Paragraph 45 of the Complaint.

## JURISDICTION AND VENUE

46.    Verizon admits that the Complaint purports to allege patent infringement under Title 35 of the United States Code.  Verizon denies that it infringes any of the Asserted Patents.  Verizon denies the remaining allegations in Paragraph 46 of the Complaint.

47.    Verizon admits that the Complaint purports to state claims over which the Court would have subject matter jurisdiction.  Verizon specifically denies that this Court has personal jurisdiction over Defendant Verizon Communications Inc.  Verizon specifically denies that this Court has subject matter jurisdiction over Defendant Verizon Communications Inc.

48.    The allegations of Paragraph 48 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, for purposes of this action only, Verizon does not contest that this Court has personal jurisdiction over the named defendants other than Defendant Verizon Communications Inc.  Verizon specifically denies that this Court has personal jurisdiction over Defendant Verizon Communications Inc.  Verizon specifically denies that this Court has subject matter jurisdiction over Defendant Verizon Communications Inc.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 48 of the Complaint.

49.    Verizon denies the allegations of Paragraph 49 of the Complaint.

50.    The allegations of Paragraph 50 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 50 of the Complaint.  Verizon specifically denies that this Court has personal jurisdiction over Defendant Verizon Communications Inc.  Verizon specifically denies that this Court has subject matter jurisdiction over Defendant Verizon Communications Inc.

51.    Verizon admits that the Complaint purports to reference the webpage https://www.verizon.com/coverage-map/ and to display an image in response to an inquiry

therefrom.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 51 of the Complaint.

52.    Verizon admits that the Complaint purports to reference data from the webpage https://www.verizon.com/about/sites/default/files/Verizon Fact Sheet.pdf.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 52 of the Complaint.

53.    Verizon admits that the Complaint purports to reference data from the webpage https://www.verizon.com/stores/search-results/?lat=32.54691&long=-94.35011 and to display an image in response to an inquiry therefrom.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 53 of the Complaint.

## COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '935 PATENT

54.    No response is required to Plaintiff's reference and incorporation of Paragraphs above.  To the extent a response is deemed required, Verizon repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-53, as set forth above.

55.    Verizon admits that Exhibit 1 purports to be a copy of the '935 Patent, entitled "Automated device provisioning and activation" and which issued on January 28, 2014.

56.    Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and on that basis denies each and every allegation.

57.    The allegations of Paragraph 57 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 57 of the Complaint.

58.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness.  The allegations of Paragraph 58 of the Complaint set forth legal

conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 58 of the Complaint.

59.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 59 of the Complaint.

60.    Verizon specifically denies that it has committed any act of infringement.  Verizon admits that Exhibit 6 purports to be a claim chart related to the '935 Patent. Verizon specifically denies that it has infringed any of the referenced claims of the '935 Patent through its products or technology.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 60 of the Complaint.

61.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 61 of the Complaint.

62.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 62 of the Complaint.

63.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 63 of the Complaint.

64.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 64 of the Complaint.

65.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 65 of the Complaint.

## COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '777 PATENT

66.    No response is required to Plaintiff's reference and incorporation of Paragraphs above.  To the extent a response is deemed required, Verizon repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-65, as set forth above.

67.    Verizon admits that Exhibit 2 purports to be a copy of the '777 Patent, entitled

"Adapting network policies based on device service processor configuration" and which issued on September 9, 2014.

68.    Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and on that basis denies each and every allegation.

69.    The allegations of Paragraph 69 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 69 of the Complaint.

70.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness.  To the extent that the allegations of Paragraph 70 set forth legal conclusions, no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 70 of the Complaint.

71.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 71 of the Complaint.

72.    Verizon specifically denies that it has committed any act of infringement.  Verizon admits that Exhibit 7 purports to be a claim chart related to the '777 Patent.  Verizon specifically denies that it has infringed any of the referenced claims of the '777 Patent through its products or technology Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 72.

73.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 73 of the Complaint.

74.    Verizon specifically denies that it has committed any act of infringement.  Verizon

denies the allegations of Paragraph 74 of the Complaint.

75.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 75 of the Complaint.

76.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 76 of the Complaint.

77.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 77 of the Complaint.

**COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '930 PATENT**

78.    No response is required to Plaintiff's reference and incorporation of the Paragraphs above.  To the extent a response is deemed required, Verizon repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-77, as set forth above.

79.    Verizon admits that Exhibit 3 purports to be a copy of the '930 Patent, entitled "End user device that secures an association of application to service policy with an application certificate check" and which issued on May 15, 2018.

80.    Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 80 and on that basis denies each and every allegation.

81.    The allegations of Paragraph 81 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 81 of the Complaint.

82.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness.  To the extent that the allegations of Paragraph 82 set forth legal conclusions, no response is required.  To the extent a response is deemed required, Verizon denies

the allegations of Paragraph 82 of the Complaint.

83.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 83 of the Complaint.

84.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 84 of the Complaint.  Verizon admits that Exhibit 8 purports to be a claim chart related to the '930 Patent.  Verizon specifically denies that it has infringed any of the referenced claims of the '930 Patent through its products or technology.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 84 of the Complaint.

85.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 85 of the Complaint.

86.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 86 of the Complaint.

87.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 87 of the Complaint.  Verizon admits that Exhibit 8 purports to be a claim chart related to the '930 Patent.  Verizon specifically denies that it has infringed any of the referenced claims of the '930 Patent through its products or technology.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 87 of the Complaint.

88.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 88 of the Complaint.

89.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 89 of the Complaint.

90.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 90 of the Complaint.

**COUNT 4 – CLAIM FOR INFRINGEMENT OF THE '464 PATENT**

91.    No response is required to Plaintiff's reference and incorporation of the Paragraphs above.    To the extent a response is deemed required, Verizon repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-90, as set forth above.

92.    Verizon admits that Exhibit 4 purports to be a copy of the '464 Patent, entitled "Security techniques for device assisted services" and which was issued on April 23, 2024.

93.    Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 93, and on that basis denies each and every allegation.

94.    The allegations of Paragraph 94 of the Complaint contain legal conclusions to which no response is required.    To the extent a response is deemed required, Verizon denies the allegations of Paragraph 94 of the Complaint.

95.    Verizon specifically denies that it has committed any act of infringement.    Verizon denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness.    To the extent that the allegations of Paragraph 95 set forth legal conclusions, no response is required.    To the extent a response is deemed required, Verizon denies the allegations of Paragraph 95 of the Complaint.

96.    Verizon specifically denies that it has committed any act of infringement.    Verizon denies the allegations of Paragraph 96 of the Complaint.

97.    Verizon specifically denies that it has committed any act of infringement.    Verizon admits that Exhibit 9 purports to be a claim chart related to the '464 Patent.    Verizon specifically denies that it has infringed any of the referenced claims of the '464 Patent through its products or technology.    Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 97 of the Complaint.

98.    Verizon specifically denies that it has committed any act of infringement.    Verizon

denies the allegations of Paragraph 98 of the Complaint.

99.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 99 of the Complaint.

100.    Verizon denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 100, including any allegations of infringement of the '464 Patent.  Verizon admits that Exhibit 9 purports to be claim charts related to the '464 Patent.  Verizon specifically denies that it has infringed any of the referenced claims of the '464 Patent through its products or technology.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 100 of the Complaint.

101.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 101 of the Complaint.

102.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 102 of the Complaint.

103.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 103 of the Complaint.

## COUNT 5 – CLAIM FOR INFRINGEMENT OF THE '155 PATENT

104.    No response is required to Plaintiff's reference and incorporation of the Paragraphs above.  To the extent a response is deemed required, Verizon repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-103, as set forth above.

105.    Verizon admits that Exhibit 5 purports to be a copy of the '155 Patent, entitled "Communications device with secure data path processing agents" and which issued on May 14, 2024.

106.    Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 106 of the Complaint and on that basis denies each and every allegation.

107.    The allegations of Paragraph 107 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 107 of the Complaint.

108.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness.  To the extent that the allegations of Paragraph 108 set forth legal conclusions, no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 108 of the Complaint.

109.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 109 of the Complaint.

110.    Verizon specifically denies that it has committed any act of infringement.  Verizon admits that Exhibit 10 purports to be a claim chart related to the '155 Patent.  Verizon specifically denies that it has infringed any of the referenced claims of the '155 Patent through its products or technology.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 110 of the Complaint.

111.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 111 of the Complaint.

112.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 112 of the Complaint.

113.    Verizon specifically denies that it has committed any act of infringement.  Verizon admits that Exhibit 10 purports to be a claim chart related to the '155 Patent.  Verizon specifically denies that it has infringed any of the referenced claims of the '155 Patent through its products or technology.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph

113 of the Complaint.

114.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 114 of the Complaint.

115.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 115 of the Complaint.

116.    Verizon specifically denies that it has committed any act of infringement.  Verizon denies the allegations of Paragraph 116 of the Complaint.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

117.    Verizon demands a jury trial pursuant to Fed. R. Civ. P. 38.

## RESPONSE TO PLAINTIFF'S RELIEF REQUESTED

Verizon denies that Plaintiff is entitled to any relief, including but not limited to the relief sought by Plaintiff under Paragraphs (A) through (F) of the Complaint.

## VERIZON'S AFFIRMATIVE DEFENSES

Verizon incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. Verizon alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that Verizon bears the burden of proof as to any of them or that any must be pleaded as defenses.  In addition to the defenses described below, Verizon specifically reserves all rights to amend its Answer and assert additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT)

1.    Verizon has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, in any manner including under any section of 35 U.S.C. § 271, including 35 U.S.C. §271(a), (b), and/or (c), willfully or otherwise.  Verizon has not performed any act and are not proposing to perform any act in

violation of any rights validly belong to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

2.    The asserted claims of the Asserted Patents are invalid and unenforceable for failure to satisfy the requirements of Title 35 of the United States Code, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq*., non-statutory obviousness-type double patenting, and/or the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
### (NOTICE, DAMAGES, AND COSTS)

3.    Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 252, 286, 287, or 307.  To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from Verizon's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

4.    Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

5.    Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

### FOURTH DEFENSE
### (FAILURE TO STATE A CLAIM)

6.    The Complaint fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE
### (LICENSE, EXHAUSTION, WAIVER, AND ESTOPPEL)

7.    Plaintiff's claims are barred, in whole or in part, by license, exhaustion, and/or the doctrines of waiver and/or equitable estoppel.

### SIXTH DEFENSE
### (STATUTORY LIMITATIONS)

8.      To the extent certain products accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government and/or public good, Plaintiff's claims involving Verizon products or technology may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**SEVENTH DEFENSE**
**(WAIVER, EQUITABLE ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS)**

9.      Plaintiff's claims are barred, in whole or in part, or its remedies limited under the principles of equity, including the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands and including but not limited to, prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the Asserted Patents.

**EIGHTH DEFENSE**
**(NO WILLFUL INFRINGEMENT)**

10.     On information and belief, Verizon has not knowingly or with reckless disregard willfully infringed valid and enforceable claims of the asserted patents and does not knowingly or with reckless disregard willfully infringe any valid and enforceable claims of the asserted patents. For at least these reasons, Plaintiff cannot maintain a claim of willfulness.

**NINTH DEFENSE**
**(NO EXCEPTIONAL CASE)**

11.     Headwater cannot prove that this is an exceptional case justifying award of attorney's fees against Verizon pursuant to 35 U.S.C. § 285.

**TENTH DEFENSE**
**(NO ATTORNEYS' FEES)**

12.     Plaintiff is not entitled to attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, including because none of Plaintiff's claims are valid.

**ELEVENTH DEFENSE**

**(NO STANDING)**

13.     Plaintiff's claims are barred because Plaintiff lacks standing to bring this suit. Specifically, Plaintiff cannot prove that it is the sole rightful owner of the Asserted Patents.

**TWELFTH DEFENSE**
**(PRIOR COMMERCIAL USE – 35 U.S.C. § 273)**

14.     Plaintiff is not entitled to attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, including because none of Plaintiff's claims are valid.

**THIRTEENTH DEFENSE**
**(RESERVATION OF DEFENSES)**

15.     Verizon reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, as well as any other defenses at law or in equity that may exist now or that may be available in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Verizon asks this Court to enter judgment in favor of Verizon and against Plaintiff by granting the following relief:

A.     A dismissal of all claims in Plaintiff's Complaint with prejudice and a complete denial of Plaintiff's request for damages, interest, costs, expenses, accounting, attorneys' fees, and any other form of relief, and

B.     An award to Verizon of their reasonable attorneys' fees, costs, and all interest (including without limitation any attorney fee awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

**COUNTERCLAIMS**

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants

and Counterclaim-Plaintiffs Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group, Inc. (collectively, "Verizon" or "Verizon Counterclaimants") assert the following Counterclaims against Plaintiff Headwater Innovations Ltd. ("Headwater" or "Counterclaim-Defendant").

## THE PARTIES

1.      Defendant and Counterclaim-Plaintiff Cellco Partnership d/b/a Verizon Wireless is a Delaware partnership with a principal place of business in Basking Ridge, New Jersey.

2.      Defendant and Counterclaim-Plaintiff Verizon Corporate Services Group, Inc. is a New York corporation with a principal place of business in Basking Ridge, New Jersey.

3.      Upon information and belief, and according to the allegations in its Complaint, Headwater is a Texas limited liability company organized under the laws of Texas.  According to Headwater's Complaint, its headquarters are located at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

4.      Headwater's Complaint alleges it is the owner of U.S. Patent Nos. 8,639,935 ("'935 Patent"), 8,832,777 ("'777 Patent"), 9,973,930 ("'930 Patent"), 11,966,464 ("'464 Patent"), and 11,985,155 ("'155 Patent") (collectively, the "Asserted Patents").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 271, et seq.

6.      Headwater has subjected itself to personal jurisdiction by maintaining its lawsuit against Verizon in this judicial district.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

8.      Headwater has sued Verizon for infringement of the Asserted Patents.  Verizon denies infringement and denies that the claims of the Asserted Patents are valid.  Therefore, there

is a substantial, actual, and continuing controversy between Headwater and Verizon as to the validity and infringement of the Asserted Patents.

## NATURE OF THE ACTION

9. Based on the Complaint, Headwater has substantial rights and interests in the Asserted Patents.

10. Headwater has sued Verizon (as defined above) for alleged infringement of the Asserted Patents in Eastern District of Texas, Case No. 2:25-cv-00156 (the "Verizon Case").

11. The Complaint in the Verizon Case alleges infringement based, in part, upon functionality implemented by Verizon's products or technology.

12. Verizon asserts that the Asserted Patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112.

13. Verizon further denies any allegation of infringement of the Asserted Patents directly or indirectly, through Verizon products or technology.

14. In view of the foregoing, a conflict of asserted rights between Verizon and Headwater with respect to the alleged infringement and validity of the Asserted Patents.

15. Verizon seeks a declaratory judgment of non-infringement of the Asserted Patents, pursuant to the laws of the United States, 35 U.S.C. § 1 *et seq*., damages, and such other relief as the Court deems just and proper.

16. Verizon seeks this relief because Headwater has accused Verizon of infringing the Asserted Patents through Verizon's products and technology. Verizon believes Headwater's allegations lack merit and thus asks the Court to declare the legal rights of Verizon so that Verizon is afforded relief from the uncertainty and delay regarding its rights caused by Headwater's allegations against Verizon.

**First Counterclaim**
**Declaratory Judgment of Non-Infringement of the '935 Patent**

17.     Verizon incorporates by reference the prior allegations.

18.     Headwater alleges that Verizon infringes the '935 Patent through Verizon's products and technology.

19.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Headwater with respect to infringement of the '935 Patent.

20.     Verizon's products and technology do not infringe and have not infringed any valid claim of the '935 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

21.     There exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Headwater as to whether Verizon's products and technology has infringed or infringes any valid and enforceable claim of the '935 Patent.

22.     Verizon requests a judicial determination and declaration that Verizon's products and technology do not infringe any valid and enforceable claim of the '935 Patent.

**Second Counterclaim**
**Declaratory Judgment of Non-Infringement of the '777 Patent**

23.     Verizon incorporates by reference the prior allegations.

24.     Headwater alleges that Verizon infringes the '777 Patent through Verizon's products and technology.

25.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Headwater with respect to infringement of the '777 Patent.

26.     Verizon's products and technology do not infringe and have not infringed any valid claim of the '777 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

27.    Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Headwater as to whether the Verizon's products and technology has infringed or infringes any valid and enforceable claim of the '777 Patent.

28.    Verizon requests a judicial determination and declaration that Verizon's products and technology do not infringe any valid and enforceable claim of the '777 Patent.

### Third Counterclaim
### Declaratory Judgment of Non-Infringement of the '930 Patent

29.    Verizon incorporates by reference the prior allegations.

30.    Headwater alleges that Verizon infringes the '930 Patent through Verizon products and technology.

31.    An actual, substantial, and continuing justiciable controversy exists between Verizon and Headwater with respect to infringement of the '930 Patent.

32.    Verizon's products and technology do not infringe and have not infringed any valid claim of the '930 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

33.    Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Headwater as to whether the Verizon's products and technology has infringed or infringes any valid and enforceable claim of the '930 Patent.

34.    Verizon requests a judicial determination and declaration that Verizon's products and technology do not infringe any valid and enforceable claim of the '930 Patent.

### Fourth Counterclaim
### Declaratory Judgment of Non-Infringement of the '464 Patent

35.    Verizon incorporates by reference the prior allegations.

36.     Headwater alleges that Verizon infringes the '464 Patent through Verizon's products and technology.

37.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Headwater with respect to infringement of the '464 Patent.

38.     Verizon's products and technology do not infringe and have not infringed any valid claim of the '464 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

39.     Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Headwater as to whether Verizon's products and technology has infringed or infringes any valid and enforceable claim of the '464 Patent.

40.     Verizon requests a judicial determination and declaration that Verizon's products and technology do not infringe any valid and enforceable claim of the '464 Patent.

**Fifth Counterclaim**
**Declaratory Judgment of Non-Infringement of the '155 Patent**

41.     Verizon incorporates by reference the prior allegations.

42.     Headwater alleges that Verizon infringes the '155 Patent through Verizon's products and technology.

43.     An actual, substantial, and continuing justiciable controversy exists between Verizon and Headwater with respect to infringement of the '155 Patent.

44.     Verizon's products and technology do not infringe and have not infringed any valid claim of the '155 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

45.     Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Verizon and Headwater as to whether Verizon's products and technology has infringed or infringes any valid and enforceable claim of the '155 Patent.

46.     Verizon requests a judicial determination and declaration that Verizon's products and technology do not infringe any valid and enforceable claim of the '155 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Verizon prays for judgment as follows:

a.      A declaration that Verizon has not infringed the Asserted Patents, contributed to the infringement of any of the Asserted Patents, and/or induced others to infringe any of the Asserted Patents;

b.      A judgment in favor of Verizon on all of its Defenses;

c.      A judgment denying any relief whatsoever in favor of Headwater;

d.      A judgment in favor of Verizon on its Counterclaims;

e.      A judgment that the claims of each of the Asserted Patents are invalid and/or unenforceable;

f.      A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and an award of attorney's fees and expenses of litigation to Verizon;

g.      A judgment dismissing Headwater's Complaint against Verizon with prejudice;

h.      An award to Verizon of their fees and expenses of litigation, including but not limited to reasonable attorney's fees and costs;

i.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Verizon respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: April 18, 2025

*/s/ Kevin P. Anderson*
Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705.1117

Kevin P. Anderson
kpanderson@duanemorris.com
**DUANE MORRIS LLP**
901 New York Ave. NW, Suite 700-East
Washington, DC 20001
Telephone: 202.776.7800
Facsimile:  202.478.2811

*Counsel for Verizon Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 18, 2025.

*/s/ Kevin P. Anderson*