# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff and Counterclaim-Defendant*, v. AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP, *Defendants and Counterclaimant-Plaintiffs*. | Case No. 2:25-CV-00215-JRG-RSP **ANSWER TO COUNTERCLAIMS** **JURY TRIAL DEMANDED** |

## HEADWATER RESEARCH LLC'S ANSWER TO AT&T'S COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Headwater Research LLC ("Headwater") hereby answers Defendants and Counterclaimant-Plaintiffs AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Corp. ("AT&T") counterclaims as follows:

### THE PARTIES

1. Headwater does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis: denied.

2. Headwater does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis: denied.

3. Headwater does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis: denied.

4. Admitted that Headwater Research LLC is a Texas limited liability company with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

### JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Admitted.

8. Headwater admits that it has sued Defendants for infringement of U.S. Patent Nos. 8,639,935 ("'935 Patent"), 8,832,777 ("'777 Patent"), 9,973,930 ("'930 Patent"), 11,966,464 ("'464 Patent"), and 11,985,155 ("'155 Patent") (collectively, the "Asserted Patents") and that there is a substantial, actual, and continuing controversy between Headwater and AT&T as to the infringement of the asserted patents. Headwater denies the remaining allegations of paragraph 8.

## COUNT 1
**(Declaratory Judgment of Invalidity of the '935 Patent)**

9. Headwater incorporates by reference the prior allegations, including the allegations in its Complaint.

10. Denied.

11. Denied.

## COUNT 2
**(Declaratory Judgment of Invalidity of the '777 Patent)**

12. Headwater incorporates by reference the prior allegations, including the allegations in its Complaint.

13. Denied.

14. Denied.

## COUNT 3
**(Declaratory Judgment of Invalidity of the '930 Patent)**

15. Headwater incorporates by reference the prior allegations, including the allegations in its Complaint.

16. Denied.

17. Denied.

## COUNT 4
### (Declaratory Judgment of Invalidity of the '464 Patent)

18. Headwater incorporates by reference the prior allegations, including the allegations in its Complaint.

19. Denied.

20. Denied.

## COUNT 5
### (Declaratory Judgment of Invalidity of the '155 Patent)

21. Headwater incorporates by reference the prior allegations, including the allegations in its Complaint.

22. Denied

23. Denied.

## JURY DEMAND

24. Headwater, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## EXCEPTIONAL CASE

25. Denied.

## PRAYER FOR RELIEF

In response to AT&T's prayer for relief, Headwater denies that AT&T is entitled to any relief, including any of the relief requested in paragraphs A–D of AT&T's prayer for relief. Further, Headwater requests the following relief:

WHEREFORE, Headwater respectfully requests that this Court enter:

a. A judgment in favor of Headwater that AT&T has infringed, either directly or

  indirectly, literally, under the doctrine of equivalents, or otherwise, the '935 Patent, the '777 Patent, the '930 Patent, the '464 Patent and the '155 Patent;

b. A permanent injunction prohibiting AT&T from further acts of infringement of the '935 Patent, the '777 Patent, the '930 Patent, the '464 Patent and the '155 Patent;

c. A judgment and order requiring AT&T to pay Headwater its damages, enhanced damages, costs, expenses, and pre-judgment and post-judgment interest for AT&T's infringement of the '935 Patent, the '777 Patent, the '930 Patent, the '464 Patent and the '155 Patent;

d. A judgment and order requiring AT&T to provide accountings and to pay supplemental damages to Headwater, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Headwater its reasonable attorneys' fees against AT&T; and

f. Any other relief that the Court may deem appropriate and just.

Dated: May 20, 2025                                Respectfully submitted,

/s/ *Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
Ryan K. Lundquist
CO State Bar No. 56449
Email: rlundquist@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff and Counterclaim-Defendant Headwater Research LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                               */s/ Marc Fenster*
                                               Marc Fenster